Several errors were assigned, but the only one on which the court decided appears in the opinion of the court delivered by
Tilghman, C. J.
This was a pluries scire facias quaere executionem non, &c. on a judgment obtained by Jane Sharp against Joseph Sharp. The writ commanded the sheriff to make known, &e. to Joseph Sharp and the terretenants of the lands held by him at the time of the judgment. The return made to this writ was, “ nihil,” as to Sharp, and “ made known” to the other defendants terretenants. No appearance was entered for Sharp, but the terretenants appeared, and pleaded, “ payment,” with leave to give the special matter in evidence, on which issue was joined. No notice of special matter was given to the plaintiff. On the trial of the cause, the defendants offered to give in evidence a deed from Joseph Sharp to John Duer, dated the 12th of November, 1810. This evidence, was objected to by the plaintiff and rejected by the court. The object of the defendants in •offering this evidence, was, to show that the plaintiff was barred of his execution by the act of the 4th of April, 1798, by which it is enacted that no judgment shall be a lien on lands longer than fiye years, &c. and although the judgment against Sharp had been several times revived by scire facias, yet the defendants intended'to contend, that these revivals had no- force against the terretenants, because no notice was served on them. Finding themselves out off from their intended defence by the rejection of their evidence, which was inadmisible on their plea of payment; the defendants asked leave of the court to put in a special plea, setting forth the facts on which they relied. The court would not permit *445 this plea to be put in, whereupon the defendants excepted to their opinion.
It is enacted by the act to regulate arbitrations and proceedings in courts of justice, (31st of March, 1806, 4 Sm. L. 328, sect. 6,) that the defendant may alter his plea or defence, on or before the trial of the cause, where the informality of the plea which he has put in, will affect the merits of the cause — and so may the plaintiff alter his declaration, provided he adheres to his original cause of action, and if by such alteration or amendment the adverse party is taken by surprise, the trial shall be postponed until the next court.. It has been held by this court that the alteration or amendment is matter of right, and it is error if the court in which the cause is tried refuse to permit it.
All that is necessary to inquire therefore, is, whether the merits of the defendant’s cause were not affected by the rejection of their plea. And most assuredly they were. For without that plea the court and jury could have no notice of the facts on which the defendants relied for their defence. It is the very case for which the act of assembly meant to provide. The defendants had mistaken their plea, and went to trial without a possibility of defence. It is our opinion that the defendants had a right to put in the plea which was offered, and there was error in the rejection of it. The judgment is therefore to be reversed, and a venire facias de novo awarded.
Judgment reversed and a venire facias de novo awarded.